IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DONALD SHARP,

      Plaintiff,

vs.                                          No. CV 21-00827 KWR/KRS

DEPARTMENT OF HOMELAND SECURITY,

      Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court *sua sponte* under Fed. R. Civ. P. 41(b) on the handwritten Civil Complaint ("Complaint ") filed by Plaintiff Donald Sharp (Doc. 1). The Court will dismiss the Complaint without prejudice for failure to comply with Court orders, statutes, and rules, and failure to prosecute this proceeding.

Plaintiff Donald Sharp filed his Complaint on August 25, 2021. (Doc. 1). Plaintiff did not pay the filing fee or submit an application to proceed *in forma pauperis* at the time he filed the Complaint. The Court entered an Order to Cure Deficiencies on August 30, 2021, directing Plaintiff Sharp to cure deficiencies by either paying the filing fee or submitting an application to proceed under 28 U.S.C. § 1915 within thirty days of entry of the Order. (Doc. 2). The Court also provided Plaintiff with a form Application to Proceed in District Court Without Prepayment of Fees or Costs. (Doc. 2). The Order advised Plaintiff that, if he failed to cure the deficiency within the 30-day time period, the Court could dismiss this proceeding without further notice. (Doc. 2 at 2).

On September 7, 2021, Plaintiff Sharp did submit the form Application to Proceed. (Doc. 3). However, the Application was incomplete because it did not include the required 6-month

1

inmate account statement. (Doc. 3). Sharp has acknowledged the filing fee requirement but claims he should not have to establish his claimed inability to pay fees and costs in every case--"IT IS STUPID!" (Doc. 1 at 4). Further, on September 27, 2021, Plaintiff Sharp filed a Motion to Discharge All Fees and Costs in this and 18 other cases, claiming that a public law and the Uniform Commercial Code permit him to discharge his obligation to pay the statutory filing fees. (Doc. 6).

This is one of many cases filed by Plaintiff Sharp advancing a theory that local, state, and federal governmental officials and agencies are engaged in a racketeering and fraud scheme based on the failure of elected New Mexico officials to post surety bonds with the New Mexico Secretary of State. (Doc. 1 at 1-3). In this case, Sharp seeks $120 million in damages and the death penalty for all managers in Defendant's Department. (Doc. 1 at 2-3). The Court notes that Sharp has filed a number of civil cases with the Court under the names Tommy Sharp, Donald Sharp, Donald Thomas Sharp, and Donald Tommy Sharp.[1] He is presently under filing restrictions imposed by the Court due to his lengthy and abusive litigation history. *See Sharp v. State of New Mexico*, CV 21-00700 WJ/SMV.

More than four months have elapsed since entry of the Court's Order to Cure Deficiency. Plaintiff has not paid the $400 filing fee or submitted a complete application to proceed under §

---

[1] See, including but not limited to, *Sharp v. Federal Bureau of Investigation,* CV 21-00770 KWR/SCY, *Sharp v. U.S. House of Representatives,* CV 21-00771 MV/SCY; *Sharp v. Lea County Sheriff,* CV 21-00772 MV/LF; *Sharp v. Gonzales,* CV 21-00769 MV/LF; *Sharp v. United States,* CV 21-00698 JB/GBW; *Sharp v. Core Civic,* CV 21-00699 KG/GJF; *Sharp v. State of New Mexico*, CV 21-00700 WJ/SMV; *Sharp v. Raysanek*, CV 21-00703 JB/JFR; *Sharp v. Department of Justice*, CV 21-704 MV/JFR; *Sharp v. U.S. Supreme Court*, CV 21-00705 JCH/KBM; *Sharp v. New Mexico Board of Finance,* CV 21-00711 JB//GBW; *Sharp v. City of Edgewood Chief of Police,* CV 21-00712 JB/JHR; *Sharp v. Mace*, Cibola County Sheriff, CV 21-00714 MV/SMV; *Sharp v. Biden*, CV 21-00719 KWR/CG, *Sharp v. El*, CV 21-00720 KWR/GBW; *Sharp v. U.S. Marshall Service*, CV 21-00721 RB/GJF; *Sharp v. U.S. Federal Public Defenders Office,* CV 21-00819 JB/CG; *Sharp,, et al., v. Core Civic,* CV 21-00820 WJ/JFR.

1915 in proper form.  Instead, Plaintiff has refused to pay the filing fee in any of his civil cases, incorrectly claiming that he is entitled to have all court fees discharged.  As Plaintiff has been advised, regardless of whether his Civil Complaint is treated as a RICO Act claim or a civil rights case, it is a civil action and under 28 U.S.C. §§ 1914(a) and 1915(a), the Court is required collect the filing fee from the Plaintiff or authorize Plaintiff to proceed without prepayment of the fee.  Plaintiff has failed to either pay the $400.00 filing fee or submit an application to proceed under § 1915 in proper form.

Plaintiff's construction of § 1915 is contrary to federal law.  Section 1915 is designed "to reduce … prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees." *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (quotations omitted).  Congress determined that prisoners must "bear some marginal cost for each legal activity." *Id.*  Accordingly, § "1915(b)(1) calls for assessment of 'an initial partial filing fee' *each time* a prisoner 'brings a civil action,"' and the Court must collect "'monthly payments of 20 percent of the preceding month's income' simultaneously for *each action* pursued." *Bruce v. Samuels*, 577 U.S. 82, 89–90 (2016) (emphasis added).

Plaintiff argues he is relieved of his obligation to pay the fees and costs for this proceeding based on a 1933 law rendering gold clauses in contracts unenforceable and authorizing payment of debts in any form of legal United States tender.  *See Adams v. Burlington Northern Railroad*, 80 F.3d 1377 (9th Cir. 1996).  Plaintiff's obligation to pay the fees and costs in this proceeding is imposed by statute, not by contract.  28 U.S.C. §§ 1914, 1915.  Nor does the statute contain any gold clause.  Neither the 1933 law nor the UCC authorize discharge of the statutory requirement to pay the fees and costs, nor do they, in any way, relieve Plaintiff of his obligation to pay the entire $350.00 filing fee for every civil action he files in this Court

The Court may dismiss a proceeding under Fed. R. Civ. P. 41(b) for failure to comply with statutes or rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003). Therefore, the Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with 28 U.S.C. §§ 1914, 1915, failure to comply with the Court's Order of August 26, 2021, failure to comply with federal statutes, and failure to prosecute this proceeding.

Also pending before the Court are Plaintiff Sharp's Motion to Enter Evidence (Doc. 5) and form Order for Summary Judgment, which the Court construes as a motion for summary judgment, (Doc. 7). The Court notes that the motion for summary judgment does not comply with the requirements of Fed. R. Civ. P. 56 and does not establish that Sharp is entitled to judgment as a matter of law in this case. However, the Court will deny the motion for summary judgment and the Motion to Enter Evidence as moot in light of the dismissal of this case rather than addressing the motions' lack of merit.

**IT IS ORDERED**

**(1)** the form Order for Summary Judgment submitted by Plaintiff Donald Sharp, which the Court construes as a motion for summary judgment, (Doc. 7) is **DENIED** as moot;

**(2)** the Motion to Enter Evidence submitted by Plaintiff Sharp (Doc. 5) is **DENIED** as moot;

**(3)** the Application to Proceed in District Court Without Prepayment of Fees and Costs (Doc. 3) is **DENIED**;

**(4)** the Motion to Discharge All Fees and Costs (Doc. 6) is **DENIED**; and

**(5)** the Civil Complaint filed by Plaintiff Donald Sharp on August 25, 2021 (Doc. 1) is **DISMISSED** without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute, failure to comply with 28 U.S.C. §§ 1914 and 1915, and failure to comply with the Court's August 30, 2021 Order.

_____
UNITED STATES DISTRICT JUDGE